UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BORIS A. KRIVONOS,

                                    Plaintiff,

            -against-

U.S. DEPARTMENT OF JUSTICE; EXECUTIVE
OFFICE FOR IMMIGRATION REVIEW, BOARD
OF IMMIGRATION APPEALS; OFFICE OF THE
GENERAL COUNSEL; JENNIFER J. BARNES,
BAR COUNSEL; U.S. DEPARTMENT OF
HOMELAND SECURITY,

                                    Defendants.
------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT

★  JUN 14 2013

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

11-CV-2729 (SLT) (LB)

**TOWNES, United States District Judge:**

In letters dated March 7, 2013, and April 3, 2013, plaintiff Boris A. Krivonos, an attorney

proceeding *pro se*, requested orders (1) compelling defendants to comply with certain discovery

requests and (2) precluding defendants from moving for summary judgment. In an order dated

May 2, 2013, Magistrate Judge Lois Bloom denied plaintiff's motion to compel but granted the

motion to preclude summary judgment. Judge Bloom ruled that, because the defendants had

missed the deadline for filing a pre-motion conference request, defendants could not move for

summary judgment unless they demonstrated "good cause" for their failure to comply with the

scheduling order.

Plaintiff now objects to Judge Bloom's decision denying his motion to compel. In

addition, defendants have filed a pre-motion conference request which, while not expressly

referencing Judge Bloom's order, appears to attempt to demonstrate good cause for the failure to

comply with the scheduling order. For the reasons set forth below, this Court finds plaintiff's

objections to be without merit, denies defendants' pre-motion conference request without

prejudice, and directs defendant to show "good cause" before Judge Bloom for their failure to

comply with her scheduling order.

### BACKGROUND

In June 2011, plaintiff commenced this action seeking, *inter alia*, an order (1) declaring that decisions of the Board of Immigration Appeals ("BIA") which expelled him from practice before the BIA, the Immigration Courts and the U.S. Department of Homeland Security ("DHS") and denied him reinstatement were arbitrary and capricious, (2) directing that he be reinstated to practice before these entities, and (3) awarding him compensatory damages. Although plaintiff's complaint is unclear, plaintiff's response to defendants' motion to dismiss clarified that plaintiff is principally seeking review of the BIA and DHS determinations under the "abuse of discretion" standard of § 706(2)(A). Plaintiff's response alluded to the Federal Tort Claims Act ("FTCA"), but plaintiff's complaint does not allege an FTCA claim. In addition, while plaintiff's complaint compares the facts of his case to the facts of a case involving Charles H. Bowser, an immigration attorney who was reinstated to practice by defendants, the complaint does not articulate an Equal Protection claim.

On March 7, 2013, plaintiff wrote a letter to Judge Bloom, the magistrate judge supervising discovery in this case, to request an order (1) compelling defendants to comply with certain discovery requests and (2) precluding defendants from moving for summary judgment. On April 3, 2013, plaintiff wrote a second letter to Judge Bloom, requesting that she compel defendants to produce their administrative file relating to Bowser.

In an order dated May 2, 2013 (the "May 2 Order"), Judge Bloom denied plaintiff's motions to compel. Preliminarily, Judge Bloom noted that "defendants argue[d] that the only remaining questions before the Court are pure questions of law under the Administrative Procedures Act ('APA'), 5 U.S.C. § 706," May 2 Order at 1, and that "plaintiff's request for production of Charles H. Bowser's administrative file was made on March 13, 2013, after

2

discovery . . . had closed." *Id.* at 2. Judge Bloom then proceeded to address the merits of

plaintiff's request, stating, "even if plaintiff's request had been made timely, plaintiff is not

entitled to discovery outside the administrative record . . . ." *Id.* Judge Bloom explained:

> "Generally, a court reviewing an agency decision is confined to the
> administrative record complied by that agency when it made the
> decision." *National Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d
> Cir. 2011) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S.
> 729, 743-44 (1985) (internal citation omitted). Departure from the
> "record rule" is only appropriate in limited circumstances such as
> "when there has been a strong showing in support of a claim of bad
> faith or improper behavior on the part of agency decisionmakers or
> where the absence of formal administrative findings makes such
> investigation necessary in order to determine the reasons for the
> agency's choice." *Tummino v. Von Eschenbach*, 427 F. Supp. 2d
> 212, 230 (E.D.N.Y. 2006) (quoting *Hoffman*, 132 F.3d at 14).

May 2 Order at 2. Judge Bloom concluded that plaintiff had not established bad faith or

improper behavior by defendants and that the discovery plaintiff sought was, therefore,

unwarranted.

    In a footnote in her May 2 Order, Judge Bloom precluded defendants from moving for

summary judgment. Referencing a scheduling order dated December 6, 2012 (ECF No. 22),

which required the parties to file their pre-motion conference requests prior to February 20, 2013,

Judge Bloom noted that "the deadline for requesting a pre-motion conference in anticipation of

moving for summary judgment ha[d] already passed." May 2 Order at 1, n. 1. Then, citing to

Rule 16(b)(4) of the Federal Rules of Civil Procedure, Judge Bloom ruled that defendants could

not move for summary judgment unless they "demonstrate[d] good cause for failing to comply

with the scheduling order." *Id.* Judge Bloom concluded her order by directing the parties to

"contact Judge Townes's chambers to set a date for a pre-trial scheduling conference." *Id.* at 3.

3

*Defendants' Pre-Motion Conference Request*

On May 9, 2013, defendants' counsel sent this Court a pre-motion conference request.

That request did not mention Judge Bloom's order precluding defendants from moving for

summary judgment unless they could demonstrate good cause. Rather, the letter noted only that

Judge Bloom had directed the parties to request a pre-trial scheduling conference, then stated:

> Instead, by this letter, Defendants seek a pre-motion conference to
> address summary judgment motions in this action. Defendants had
> delayed seeking such a conference – despite the February 20, 2013
> deadline included in the Court's scheduling order of December 10,
> 2012 (ECF No. 22) – because such a request was untimely in light
> of Plaintiff's efforts to compel discovery. With the conclusion of
> that dispute, however, the time is ripe to address the summary
> judgment motion(s) the Court's December 10, 2012 scheduling
> order anticipated.

In an endorsed order dated May 10, 2013, this Court denied defendants' pre-motion

conference request on the ground that it did not comply with the procedural requirements set

forth in Section III.A of this Court's Individual Motion Practices & Rules. *See* https://www.

nyed.uscourts.gov/pub/rules/SLT -MLR.pdf.  On May 15, 2013, defendants' counsel responded

to this Court's May 10, 2013, order by submitting a revised pre-motion conference request.  The

first two paragraphs of this revised request were identical to the first two paragraphs of

defendants' original pre-motion conference request.  Indeed, the only substantial difference

between defendants' May 9 and May 15 submissions was that the latter included an explanation

of the bases for defendants' proposed motion.

*Plaintiff's Submission relating to Judge Bloom's Order*

On May 9, 2013, plaintiff mailed a letter addressed to "The Honorable Sandra L.

Townes," which began, "I am requesting you reconsider the Order dated May 2, 2013."  Letter to

4

Hon. Sandra L. Townes from Boris A. Krivonos, dated May 9, 2013, at 1. Plaintiff's letter objected to Judge Bloom's order in three major respects. First, plaintiff asserted that Judge Bloom was incorrect in stating that his request for production of Charles H. Bowser's administrative file was made after discovery had closed. Plaintiff represented that he initially requested the administrative file from defendants on December 12, 2012, when discovery was still open.

Second, plaintiff argued that Judge Bloom was incorrect in stating that the only remaining questions before the Court were pure questions of law. Plaintiff asserted that there are questions of fact as to "whether a government agency can be held responsible for two opposite decisions under the same set of facts." *Id.* at 2. Plaintiff also implied that this Court should strike regulations which "provide for agency discretion to reach to [*sic*] opposite decisions for the same set of facts." *Id.*

Third, plaintiff argued that he had demonstrated "bad faith" through his assertions that defendants treated him differently from Mr. Bowser. Plaintiff argued that in order to have acted "[i]n good faith, Defendants must have acted similarly in similar situations." *Id.* at 2. Plaintiff asserted that if defendants did not act in good faith, they acted in bad faith because "there is nothing in between." *Id.* at 1.

Although plaintiff's May 9, 2013, letter expressly requested that this Court "reconsider the Order dated May 2, 2013, this Court construed his letter as objecting to Judge Bloom's pre-trial order pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. Accordingly, by endorsed order dated May 17, 2013, this Court directed defendants to respond to plaintiff's objections on or before May 23, 2013. Defendants filed their response on May 23, 2013,

5

asserting, *inter alia*, that plaintiff's "only remaining claims . . . arise under the . . . APA" and that plaintiff "is entitled to no discovery beyond the Administrative Record . . . ." Defendants' Responses to Plaintiff's Objections to Magistrate Judge's Order, dated May 23, 2013 ("Defendants' Responses") at 2. Defendants also assert that plaintiff's complaint does not allege a disparate treatment Equal Protection claim or challenge the regulations underlying defendants' decision to deny plaintiff reinstatement to the Immigration bar.

## *DISCUSSION*

### *Plaintiff's Objections to the Magistrate Judge's Order*

Rule 72(a) of the Federal Rules of Civil Procedure provides that a party may object to a magistrate judge's order relating to a non-dispositive pretrial matter within 14 days of being served with a copy of that order. A district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under this highly deferential standard of review, a district court may reverse the order only if "on the entire evidence," the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001). Accordingly, "a party seeking to overturn a discovery order bears a heavy burden." *AP Links, LLC v. Global Golf, Inc.*, No. 08-CV-1730, 2011 WL 888261, at \*4 (E.D.N.Y. Mar 14, 2011).

Having carefully considered plaintiff's objections to Judge Bloom's order, this Court concludes that plaintiff has not met this heavy burden. First, while plaintiff's initial request for production of Mr. Bowser's administrative file may have been made in December 2012, plaintiff's requests to compel production of that file were made more than a month after discovery had closed. Judge Bloom's order dated December 6, 2012, directed that the parties

6

complete discovery by February 6, 2013. However, plaintiff did not even begin to request an order compelling compliance with his discovery requests until March 7, 2013. Accordingly, plaintiff's requests were untimely.

Morever, as defendants correctly note, Judge Bloom did not rely on the fact that plaintiff's requests were untimely. Rather, Judge Bloom reached the merits of plaintiff's motion, holding that even if plaintiff's requests had been made timely, plaintiff was not entitled to discovery outside of the administrative record. Therefore, even if Judge Bloom had erred in finding that plaintiff's request was untimely, that error would have been inconsequential.

With respect to plaintiff's second objection, this Court notes that Judge Bloom never actually stated that the only remaining questions before the Court were pure questions of law. Rather, Judge Bloom noted that "*defendants* argue[d] that the only remaining questions before the Court are pure questions of law under the Administrative Procedures Act ('APA'), 5 U.S.C. § 706." May 2 Order at 1 (emphasis added).

Judge Bloom did, however, tacitly assume that plaintiff's complaint seeks only review of defendants' determinations pursuant to 5 U.S.C. § 706(2)(A). The focal point of that review "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Accordingly, as Judge Bloom correctly noted, a court reviewing an agency's decision is generally "confined to the administrative record complied by that agency when it made the decision." May 2 Order at 2 (quoting *National Audubon Soc. v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 2011)). "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." *Florida Power*

7

& *Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402 (1971)).

Except in "rare circumstances," a reviewing court is not "empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Id.* at 744. To fall within the "rare circumstances" exception, a plaintiff must first make a "strong showing of bad faith or improper behavior." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). Thus, "[c]ourts considering challenges to administrative decisions have refused to sanction discovery in the absence of a strong showing of bad faith or other extraordinary circumstances." *IPT Co., Inc. v. U.S. Dep't of Treasury*, No. 92 Civ. 5542 (JFK), 1992 WL 373480, at *2 (S.D.N.Y. Dec. 3, 1992) (citing *National Nutritional Foods Ass'n v. Mathews*, 557 F.2d 325, 332-33 (2d Cir. 1977), and *KFC Nat'l Mgmt. Corp. v. NLRB*, 497 F.2d 298, 304-05 (2d Cir. 1974)).

In arguing that there are factual issues that must be resolved in this case, plaintiff alludes to legal claims that are not alleged in the complaint. As defendants correctly note, plaintiff's complaint does not allege a disparate treatment Equal Protection claim or challenge the regulations underlying defendants' decision to deny plaintiff reinstatement to the Immigration bar. Similarly, while plaintiff's response to defendants' motion to dismiss mentioned claims for defamation and claims arising under the Federal Tort Claims Act ("FTCA"), plaintiff's complaint did not mention either the FTCA or defamation. *See Krivonos v. U.S. Dep't of Justice*, No. 11-CV-2729 (SLT)(LB), 2012 WL 4569319, at *12 (E.D.N.Y. Oct. 1, 2012). This Court fully concurs with defendants' assertion that the only claim clearly raised by plaintiff's complaint is a request for judicial review under 5 U.S.C. § 706(2)(A) of the Administrative Procedures Act.

8

With respect to plaintiff's second objection, this Court finds that plaintiff has not demonstrated "bad faith" through his assertions that defendants treated him differently from Mr. Bowser. "Bald assertions of impropriety are not sufficient" to make out a "strong showing of bad faith or improper behavior." *IPT Co., Inc.*, 1992 WL 373480, at \*2. Rather, to make out "bad faith," a party "must show specific facts to indicate that the challenged action was reached because of improper motives." *Friends of the Shawangunks, Inc. v. Watt*, 97 F.R.D. 663, 668 (N.D.N.Y. 1983). Since plaintiff has not adduced any evidence that defendants had improper motives for denying him reinstatement to the Immigration bar, this Court cannot find that Judge Bloom's decision to deny his motion to compel was clearly erroneous.

### Defendants' Pre-Motion Conference Request

In a footnote contained in her May 2 Order, Judge Bloom granted plaintiff's request for an order precluding defendants from filing a motion for summary judgment for failure to meet the February 20, 2013, deadline set forth in Judge Bloom's scheduling order dated December 6, 2012. Citing to Rule 16(b)(4) of the Federal Rules of Civil Procedure, Judge Bloom ruled that defendants could not move for summary judgment unless they demonstrated "good cause" for their failure to comply with the scheduling order. May 2 Order at 1, n. 1.

In seeking this Court's permission to move for summary judgment, defendants do not mention Judge Bloom's ruling or expressly address the issue of whether there was "good cause" for failing to request a pre-motion conference before the February 20, 2013, deadline. To be sure, defendants' pre-motion conference requests assert that defendants "delayed seeking such a conference . . . because such a request was untimely in light of Plaintiff's efforts to compel

9

discovery." *See* Letter to Hon. Sandra L. Townes from J. Max Weintraub dated May 9, 2013; Letter to Hon. Sandra L. Townes from J. Max Weintraub dated May 15, 2013, at 1. However, this Court notes that plaintiff's requests to compel discovery, which were dated March 7, 2013, and April 3, 2013, were filed several weeks after the February 20, 2013, deadline.

Before seeking permission to move for summary judgment, plaintiffs must make the showing of "good cause" required by Rule 16(b)(4) of the Federal Rules of Civil Procedure and by Judge Bloom's order. Defendants are directed to make that showing in a writing addressed to Judge Bloom on or before June 26, 2013. In addressing that submission, Judge Bloom should consider the question of whether a trial can be held in this case, or whether summary judgment is necessary to resolve plaintiff's claim pursuant to 5 U.S.C. § 706(2)(a).

### CONCLUSION

For the reasons set forth above, this Court finds that plaintiff's objections to Magistrate Judge Bloom order dated May 2, 2013, are without merit. Defendants' request for a pre-motion conference is denied without prejudice. On or before June 26, 2013, defendants shall make and submit to Judge Bloom a written showing of "good cause" for their failure to comply with her scheduling order of December 6, 2012. If Judge Bloom finds good cause or concludes that summary judgment is necessary in this case, defendants may renew the request for a pre-motion conference.

**SO ORDERED.**

/s/(SLT)

/ SANDRA L. TOWNES
United States District Judge

Dated: June 6, 2013
Brooklyn, New York

10